RECEIPT #
AMOUNT $
SUMMONS ISSUED MH
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK YOM
DATE 2/2/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE MANUEL FERNANDES )
    Petitioner )
           )
     v.    )
           )       04 10223 MLW
           ) PETITION FOR HABEAS CORPUS
           )
BRUCE CHADBOURNE ) MAGISTRATE JUDGE Collings
    Respondent )

## PARTIES

1. The Petitioner, Jose Manuel Fernandes, is a resident of Massachusetts, and is presently in the custody of the U.S. Immigration and Custom Enforcement, at the Suffolk County Corrections (South Bay), Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S. Immigration and Custom Enforcement, District of Boston.

## JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir.1999.)

## SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can continue to detain Petitioner on an illegal deportation order where (1) Petitioner was never advised that his failure to depart the United States before or by the expiration of his voluntary departure order would result in an order of deportation and denial of immigration benefits, and (2) was deprived of a statutorily created right to a hearing to determine if his marriage is bona fide and to determine whether he was entitled to adjustment of his immigration status.

HISTORY OF PROCEEDINGS

5. The Petitioner, is a citizen and native of Cape Verde, who entered the United States on or about October 2, 1987, with a B-2 visitor visa.

6. The Petitioner is married to a U.S. citizen who had filed an I-130 Immediate Relative petition with the U.S. Citizenship and Immigration Service ("the Service", formerly INS). Petitioner's spouse withdrew the petition and deportation proceedings commenced shortly thereafter.

7. The Department of Homeland Security (formerly INS) served the Petitioner with an Order to Show Cause. Petitioner requested relief in the form of adjustment of status and voluntary departure. At Petitioner's June 29, 1993 deportation hearing, the Immigration found him ineligible for adjustment of status and granted voluntary departure, until August 30, 1993. Petitioner never departed the United States.

8. In December of 2000, the Petitioner, sought to file his application for adjustment of status with the Service, based on his renewed I-130 Immediate Relative petition. The Service rejected the application because Petitioner now had an outstanding deportation order, and informed Petitioner that he would need to have his case reopened before the Immigration Court in order to seek adjustment.

9. On June 9, 2001, Petitioner, relying on the information obtained from the Service, filed with the Boston Immigration Court, his motion to reopen on the basis of ineffective assistance of counsel and to seek adjustment of status. The motion was denied for (1) failing to comply with the statutory requirement for filing motions to reopen and (2) that Petitioner was precluded from seeking relief because he failed to depart as require. See Matter of Shaar, 21 I&N Dec. 541 (BIA 1997); Shaar v. INS, 141 F.3d 953 (U.S. App., 1998). There the BIA held that an alien cannot garner relief from deportation if the alien remains after the scheduled departure date, unless there are truly exceptional circumstances. Id.

10. An appeal of that decision was taken before the Board of Immigration Appeals (BIA). On July 16, 2001, the BIA dismissed the appeal, affirming the decision of the Immigration Judge.

11. On September 18, 2003, Petitioner filed another motion to reopen to apply for adjustment of status and requested a stay of deportation, pending adjudication.

12. On September 22, 2003, the motion to reopen was rejected for lack of jurisdiction. (The BIA had last presided over the case, therefore, the motion to reopen should have been filed with the board). The motion to reopen was resubmitted to the BIA and is still pending.

13. This Writ of Habeas Corpus and Stay Removal follows.

## ANALYSIS

14. The Petitioner Moves this Honorable Court to grant his request for habeas relief, and reverse his order of deportation where (1) his continued detention is in violation of the Constitution and laws of the United States, and (2) that the denial of his motion to reopen and dismissal of his appeal was erroneous because the preclusion as prescribed under Matter of Shaar, is not applicable to his case, as he was not advised of the consequences of failing to depart.

15. Subject to subparagraph (B), any alien allowed to depart voluntarily under section 1254(e)(1) of this title or who has agreed to depart voluntarily at his own expense under section 1252(b)(1) of this title who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure or the date of unlawful reentry, respectively. See 8 U.S.C. 1252b(e)(2)(A).

16. Subparagraph (A) shall not apply to an alien allowed to depart voluntarily unless, before such departure, the Attorney General has provided written notice to the alien in English and Spanish and oral notice either in the alien's native language or in another language the

alien understands of the consequences under subparagraph (A) of the alien's remaining in the United States after the scheduled date of departure, other than because of exceptional circumstances. Matter of Shaar, 21 I&N Dec. 541 (BIA 1997); Shaar v. INS, 141 F.3d 953 (U.S. App., 1998).

17. The failure the Immigration Judge to properly advised Petitioner that his failure to depart on or before the expiration of his voluntary departure order, renders the deportation order invalid. Consequently, Petitioner argues that he is being illegally detained.

18. Furthermore, Petitioner argues that he was deprived of his statutorily created right to a hearing to determine whether he is entitled to adjustment of status, where is motion to reopen was denied in error.

CONCLUSION

19. Based upon the above stated facts, the Petitioner prays that this Court will grant his request for habeas corpus, where his deportation order was executed in violation of his Constitutional rights, his continued detention is in violation of the Constitution and laws of the United States, and he was deprived of his statutory right to a hearing on the merits of his adjustment application.

Respectfully Submitted,

*[signature]*
STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/794-2331
BBO: 565811