```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JOSE MANUEL FERNANDES,      )
     Petitioner,            )
                            )
     v.                     )    C.A. No. 04-10223-MLW
                            )
BRUCE CHADBOURNE,           )
     Respondent.            )
```

ORDER

WOLF, D.J.                                    February 4, 2004

On February 2, 2004, petitioner Jose Manuel Fernandes, an immigration detainee currently confined at Suffolk County House of Correction (South Bay), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, along with the requisite $5 filing fee. He asserts that he is being held in violation of the Constitution and laws of the United States, and requests that his removal be stayed.

The following facts are alleged by the petitioner in his 28 U.S.C. §2241 petition. He is a citizen and native of Cape Verde. The petitioner entered the United States on a visitor visa. Petition at ¶5. He is married to a U.S. citizen. Id. at ¶6. In 1993, deportation proceedings were initiated against the petitioner, and he was granted voluntary departure. The petitioner asserts that he was not told of the potential consequences of a failure to depart. Id. at ¶17. The petitioner did not depart by the given deadline of August 30, 1993. Id. at ¶7. On June 9,

2001, the petitioner filed a motion with the Boston Immigration Court seeking an adjustment of his status on the basis of his relationship with his wife. Id. at ¶9. This motion was denied for failure to comply with statutory requirements and because the petitioner was barred for seeking relief from deportation once he had stayed in the United States beyond his voluntary departure deadline. Id. at ¶9. The petitioner appealed to the Board of Immigration Appeals, which dismissed his appeal on July 16, 2001. Id. at ¶10. In September, 2003, the petitioner filed another motion (first with the Immigration Court, then with the Board of Immigration Appeals) to reopen his case and have his status adjusted. Id. at ¶11, 12. He is scheduled to be removed on or after February 18, 2004. Respondent's Ex Tempore Representation of Non-Deportation at 1.

If the petitioner was not given appropriate notice under former 8 U.S.C. 1252b(e)(2) of the consequences of failing to depart, it would have been erroneous for the Immigration Court to preclude him, solely because of his failure to leave by the voluntary departure deadline, from filing a motion to adjust his status. See, e.g., Ordonez v. I.N.S., 345 F.3d 777, 784 (9th Cir. 2003) ("the bar to relief does not apply because he did not receive adequate notice of the consequences of failing to voluntarily depart as required"); 8 U.S.C. §1252b(e)(2)(B) (repealed 1996) (requiring "written notice to the alien in English and Spanish and

oral notice either in the alien's native language or in another language the alien understands of the consequences ... of the alien's remaining in the United States after the scheduled date of departure"); Royas-Reynoso v. I.N.S., 235 F.3d 26 (1st Cir. 2000).

Accordingly, it is hereby ORDERED that:

1. The Clerk shall amend the case caption to reflect that Andrea J. Cabral, Sheriff of Suffolk County, is a respondent to this action.  A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. §2243. The sheriff of Suffolk County has day-to-day control over the facility in which petitioner is being detained.  M.G.L. ch. 126, §16 ("sheriff shall have custody and control of the jails in his county ... and shall be responsible for them"); see Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S.Ct. 43 (2001).

2. The Clerk of this Court shall serve a copy of the Petition, by certified mail, upon (i) Sheriff Andrea J. Cabral, Suffolk County House of Correction, 20 Bradston St. Boston, MA 02118; (ii) the Office of the United States Attorney; and (iii) Frank Crowley, Special Assistant United States Attorney, Department of Homeland Security, P.O. Box 8728, J.F.K. Station, Boston, MA 02114.

3. The government shall file a response to the petition and request for a stay by February 9, 2004.  If the government fails to file a response by this deadline, the court is likely to issue a

stay in light of the potentially meritorious issues raised by the petitioner and the danger of irreparable harm to the petitioner if he is deported before the court can decide this matter on an informed basis.

                                                   /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE