UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE MANUEL FERNANDES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO: |
| ANDREA CABRAL, SHERRIFF | ) | Docket # 04-10223-MLW |
| SUFFOLK COUNTY and | ) | |
| BRUCE CHADBOURNE, DISTRICT | ) | |
| DIRECTOR, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| Respondents. | ) | |

**RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS[1] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND OPPOSITION TO THE PETITIONER'S REQUEST FOR STAY**

**INTRODUCTION**

The Respondents submit this memorandum of law in support of their motion to dismiss

the Petitioner's habeas corpus complaint and in opposition to the petitioner's request for a stay of

deportation

**STATEMENT OF FACTS**

Petitioner is a native and citizen of Cape Verde who was admitted to the United States as

a visitor for pleasure on October 29, 1987, authorized to remain in the United States until April

29, 1988. He has remained in the United States unlawfully since April 29, 1988. Deportation

proceedings were begun against petitioner by administrative Order to Show Cause dated March

---

[1] Although the Motion to Dismiss refers to documents outside the pleadings, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir.1993). The decisions of the Immigration Court cited by the Respondents fall within the above noted exception.

12, 1993, and petitioner was charged with deportability under former 8 U.S.C. § 1251(a)(1)(B), as being an alien who has remained in the United States for a time longer than permitted.

Petitioner, who was represented by counsel in deportation proceedings before the Immigration Judge, was, on June 29, 1993, granted the relief of being permitted to voluntarily depart the United States on or before August 30, 1993. See Decision of the Immigration Judge dated June 29, 1993, attached hereto as Exhibit 1. Petitioner did not appeal that order, and upon petitioner's failure to depart as directed, the voluntary departure order transformed into a deportation order.

On January 9, 2001, Petitioner sought to reopen his deportation case. The request was denied by the Immigration Judge on the grounds that it was untimely. See Decision of the Immigration Judge, dated February 9, 2001, attached hereto as Exhibit 2. Petitioner appealed the IJ's denial to the Board of Immigration Appeals ("BIA"), which dismissed the appeal, agreeing that the motion to reopen was indeed untimely. See Decision of the BIA, dated July 16, 2001, attached hereto as Exhibit 3.[2] Petitioner did not seek review of this decision in the First Circuit Court of Appeals.

Petitioner filed a second motion to reopen, which was dismissed by the BIA on December 23, 2003. The BIA decision noted that petitioner's motion to reopen was not only untimely, but was also barred numerically.[3] See Decision of the BIA, dated December 23, 2003, attached hereto as Exhibit 4. Petitioner has failed to seek the statutorily prescribed judicial review of the

---

[2]See also, 8 C.F.R. §§ 1003.2(C)(2), 1003.23(b)(1) (generally requiring motions to reopen to be filed within 90 days of the decision sought to be reopened).

[3]See also, 8 C.F.R. § 1003.2(c) (establishing general limit of one motion to reopen).

BIA's December 23, 2003, order at the First Circuit Court of Appeals.

## ARGUMENT

### I.  INTRODUCTION

The Petitioner argues that he is entitled to habeas relief because he was wrongfully denied the opportunity to seek adjustment of status by the statutory bar of former 8 U.S.C. 1252b(e)(2)(A), which precludes adjustment of status for individuals who fail to voluntarily depart. The petitioner concedes that he remained beyond the period allowed for voluntary departure. Petitioner, however, alleges that he was never advised of the potential consequences of his failure to depart (as required by former 8 U.S.C. § 1252b(e)(2)), and, consequently, the bar to adjustment of status was inappropriately applied to him. See, e.g., Ordonez v. I.N.S., 345 F.3d 777, 784 (9th Cir. 2003). He seeks an order of this court determining that his deportation is invalid and release from custody.

The history of the instant proceedings unequivocally establishes that the Petitioner was not denied adjustment of status based upon the statutory bar. As such, it is irrelevant whether the petitioner received a warning regarding the potential consequences of his failure to depart. Further, the Petitioner has failed to exhaust the above noted argument, procedurally defaulting the claim and depriving this court of jurisdiction.

## II.    THE FUNDAMENTAL PREMISE OF THE PETITIONER'S ARGUMENT FINDS NO BASIS IN THE RECORD.

It is undisputed that the Petitioner became subject to a final deportation order in 1993 when he failed to voluntarily depart the United States.[4]  In December of 2000, he sought to adjust his status based upon his marriage to an American citizen. Petition, ¶8. The INS properly refused to process the application at that time.  See 8 C.F.R. § 245.2(a) ("After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status . . . shall be made and considered only in those proceedings.")  Pursuant to its own regulations, INS simply had no jurisdiction to process the request for adjustment of status, it could only be pursued within the context of the deportation proceedings. Id.[5] Consequently, the Petitioner moved to reopen the final removal order for the purpose of seeking an adjustment of status.  Petition, ¶9.

The motion to reopen, however, was rejected as untimely and on the grounds that the Petitioner had not submitted evidence establishing his eligibility for adjustment of status.  See Exhibit 2 ("As and initial matter, the respondent's motion is untimely since it was not filed on or before September 30, 1996.  However, even if the motion were timely, the Court would deny this request.  The respondent did not submit evidence establishing his eligibility for adjustment of

---

[4]See, 8 C.F.R. §243.3(a)(1) (an order of deportation becomes final when a grant of voluntary departure expires).

[5]See also, e.g., Prado v. Reno, 198 F.3d 286, 289 (1st Cir. 1999) (where an alien granted voluntary departure sought an adjustment of status based upon marriage to a U.S. citizen, the court noted, "Prado did apply for adjustment of status; however, she filed her application with the INS District Director in Puerto Rico, when such an application should have been filed, along with a motion to reopen, with the IJ.") (citing 8 C.F.R. § 245.2(a)).

4

status, nor did he submit the application for adjustment of status.")[6]

Contrary to the central premise of the Petitioner's habeas argument, nowhere in the Immigration Judge's decision does the court state that the motion to reopen is denied on the ground that this Petitioner was ineligible to adjust his status. See Exhibit 2. Instead, the Court properly rejected the motion as untimely.

To the extent which the Petitioner complains of the Immigration Court's failure to *sua sponte* reopen his proceedings or seeks review of Immigration and Customs Enforcement's decision to oppose the motion to reopen, those matters are committed to their unfettered discretion and are not justiciable. Prado v. Reno, 198 F.3d 286, 292-293 (1st Cir. 1999) ("As is true with time limits that American citizens are required to meet, Prado was held to time limits, and she failed to meet them. Whether the outcome-- removal from the United States--would have been the same had she complied with the time limits and properly presented an application for adjustment of status, no one knows. Under the INA as amended by IIRIRA, sadly she will either be separated from her family, or, in order to stay together, she and her family will have to leave this country. Neither Congress nor the Constitution has given the courts a role in this outcome.").

The Petitioner appealed the denial of the motion to reopen to the BIA. On July 16, 2001, the BIA dismissed the appeal on the ground that the Immigration Judge correctly found the

---

[6]The Immigration court did cite to the opinion of Matter of Shar, 21 I&N Dec. 541 (BIA 1997) (which discusses the statutory bar to adjustment under former 8 U.S.C. § 1252b(e)(2)(A)) but not in support of the decision to reject the motion as untimely. The court cited the decision within a larger paragraph outlining the general standards to be applied to a motion to reopen.

5

Motion to have been time barred.  See Exhibit 3.[7]  The BIA's decision is utterly devoid of any reliance upon the statutory bar.

In September of 2003, the Petitioner filed a second motion to reopen the deportation proceedings for the purpose of seeking adjustment of status based upon his marriage to an American citizen.  On December 23, 2003,[8] the Board of Immigration Appeals denied the motion on the grounds that it exceeded the numerical limitations on motions to reopen and that the motion was untimely.  See Exhibit 4.

The record of these proceedings unequivocally establishes that the Petitioner's two Motions to Reopen were denied as untimely, not on the grounds of the statutory bar to adjustment of status.  Such a decision is committed to the unfettered discretion of the Immigration Court and is not justiciable.  Prado v. Reno, 198 F.3d 286 (1st Cir. 1999).  As such, the issue of whether the Petitioner was afforded the oral warning required by by former 8 U.S.C. § 1252b(e)(2)) is irrelevant, and the Petitioner has failed to state a claim upon which relief may be granted.

---

[7]The Petitioner also sought to argue ineffective assistance of counsel, a claim that the Board rejected as untimely and on the ground that the Petitioner had failed to make the requisite *prima facie* showing under applicable case law.  See Exhibit 3.

[8]Petitioner incorrectly asserts that as of the February 2, 2004, filing of the habeas petition, the motion to reopen was still pending with the BIA.  Petition, ¶12.

**III.  THE PETITIONER HAS FAILED TO EXHAUST ADMINISTRATIVE
REMEDIES AND HAS PROCEDURALLY DEFAULTED THE INSTANT
CLAIMS.**

Petitioner could have sought judicial review of the denial of either motion to reopen in
the First Circuit Court of Appeals, but failed to do so within the statutory 30-day window for
such review. Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999). Consequently, his habeas action
is barred. Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "is not being
deported for criminal offenses and has had full access to the [Circuit Court of Appeals] for direct
review of orders leading to his deportation", that "it is hard to view the habeas petition as
anything other than an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent
the Attorney General from 'execut[ing] [a] [removal order[]].'"). (Emphasis added). See also See
Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.) appeal filed, No. 03-
1108 (1st Cir.), ("habeas review is proper only when there is 'no other way' to present a legal
challenge to a deportation order").

Moreover, the issues have been procedurally defaulted. Mattis v. Reno, et al., 212 F.3d
31, 41 (1st Cir. 2000) (observing that "[t]raditional rules regarding exhaustion and waiver [which]
govern on direct review of BIA final orders  . . . .[also] hold on habeas review, which we have
suggested is less broad than direct review." Id. at 4; Groccia v. Reno, et al., 234 F.3d 758, 762
(1st Cir. 2000) ("Conventional [issue] forfeiture rules pertain in habeas cases.").

7

IV.    **THE PETITIONER'S REQUEST FOR A STAY MUST BE DENIED AS THE PETITIONER HAS FAILED TO ESTABLISH ANY LIKELIHOOD OF SUCCESS ON THE MERITS**

For the reasons stated more fully herein, the Petitioner has failed to establish a likelihood of success on the merits of this action. See Arrevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003) ("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four part algorithm used for preliminary injunctions.")

As such, the request for a stay should be denied.

### CONCLUSION

Wherefore, the Respondents request that the instant action be dismissed for failure to state a claim upon which relief may be granted and that the Petitioner's request for a stay of deportation be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

#### Certificate of Service

I hereby certify that a true copy of the above document was served upon counsel for the Petitioner, Steven Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA 01840, by mail on this 9th day of February 2004.

Mark J. Grady
Assistant U.S. Attorney